1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10   CADY PLEWA,

11                        Plaintiff,

12        v.

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security

14                        Defendant.

15

CASE NO. 2:15-cv-00205-BHS-KLS

REPORT AND
RECOMMENDATION TO DENY
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

Noted for March 6, 2015

16        This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

17   U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on

18   plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set

19   aside a decision of the Social Security Administration under 42 U.S.C. § 405(g). Because

20   plaintiff's application indicates she has sufficient income with which to pay the $400.00 filing

21   fee, the undersigned recommends that the Court deny the application.

                                    DISCUSSION

23        The district court may permit indigent litigants to proceed *in forma pauperis* upon

24   completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has

broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). By requesting the Court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because she allegedly is unable to afford the costs necessary to proceed with her cause of action.

In her application, plaintiff states she currently is employed with a net monthly income of $1,000.00. *See* Dkt. 1, p. 1. Plaintiff also states that during the past 12 months, she has received $12,500.00 and $6,366.00 respectively from the following two sources: business, profession or other self-employment and income from rent, interest or dividends. *See id.* In addition, plaintiff states she has $4,328.00 in her checking account and $25,881.00 in her savings account, is not married and has no one that is dependent upon her for financial support. *See id.* at p. 2. While the undersigned recognizes that plaintiff's current monthly income may not be substantial, the money she has in her checking and savings accounts is. Given that there are no other persons who are dependent upon plaintiff for support, it therefore is not unreasonable to expect her to pay the required filing fee.

<u>CONCLUSION</u>

Because it is reasonable for plaintiff to incur the costs to proceed with this cause of action, the undersigned recommends that the court deny her application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the court order plaintiff to pay the required filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedures ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

1   directed set this matter for consideration on **March 6, 2015**, as noted in the caption.

2       Dated this 18th day of February, 2015.

3

4

5

6                                          Karen L. Strombom
7                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3